ERIC W. SWANIS, ESQ.
Nevada Bar No. 6840
GLENN F. MEIER, ESQ.
Nevada Bar No. 006059
**GREENBERG TRAURIG, LLP**
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada  89135
Telephone: (702) 792-3773
Facsimile:  (702) 792-9002
Email:    swanise@gtlaw.com
              meierg@gtlaw.com

CASEY SHPALL, ESQ.*
GREGORY R. TAN, ESQ.*
*Admitted Pro Hac Vice*
**GREENBERG TRAURIG, LLP**
1144 15th Street, Suite 3300
Denver, Colorado  80202
Telephone: (303) 572-6500
Email:    shpallc@gtlaw.com
              tangr@gtlaw.com
*Counsel for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| PEGGY COLLINS,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>C. R. BARD, INCORPORATED and BARD PERIPHERAL VASCULAR, INCORPORATED,<br><br>　　　　　　Defendants. | Case No. 2:19-cv-01864-RFB-BNW<br><br>**STIPULATION TO EXTEND DISCOVERY AND PRE-TRIAL DEADLINES**<br>(FIFTH REQUEST) |

　　　　Comes now, Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc. ("Bard" or "Defendants") and Plaintiff Peggy Collins ("Plaintiff"), by and through their undersigned counsel of record, pursuant to LR IA 6-2, and hereby stipulate that the discovery deadlines

/ / /

1

are extended by sixty (60) days as detailed below.  This Stipulation is entered into as a result of the Plaintiff's expert, Dr. Gurvan Blackman, M.D., unavailability for deposition.

On July 1, 2021, Casey Shpall sent an email to Cameron Dean and Anisha Mathew requesting available deposition dates for Dr. Blackman.  On July 8, 2021, Ms. Shpall followed-up with a voice mail to Anisha Mathew regarding available deposition dates for Dr. Blackman.  Ms. Shpall again followed-up with emails on July 19 and July 21, 2021, to both Cameron Dean and Anisha Mathew, requesting available deposition dates for Dr. Blackman. Despite Bard's diligent effects to set the deposition of Dr. Blackman, his unavailability makes it impossible to meet the current deadline of July 27, 2021 to depose Plaintiff's experts on their case-specific reports. Plaintiff's counsel has reached out to Dr. Blackman regarding the setting of this deposition but have not been able to secure dates due to his involvement in his clinical practice and his role as an expert witness in other litigation. His multiple roles as a clinician makes it difficult to set a deposition date prior to the deadline and especially with the surge of patients brought on through the COVID-19 pandemic.

Pursuant to Federal Rules of Civil Procedure 6(b) and 26, and the Court's inherent authority and discretion to manage its own docket, this Court has the authority to grant the requested extension.  Fed. R. Civ. P. 6(b) ("When an act may or must be done within a specified time the court may, for good cause, extend the time . . .").  Furthermore, Federal Rule of Civil Procedure 26(c) and (d) vests the Court with authority to limit the scope of discovery or control its sequence.  *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) ("Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery.").

/ / /

/ / /

/ / /

/ / /

/ / /

2

ACTIVE 59040642v1

This Court therefore has broad discretion to extend deadlines or stay proceedings as incidental to its power to control its own docket. *Bacon v. Reyes*, 2013 U.S. Dist. LEXIS 143300, at *4 (D. Nev. Oct. 3, 2013) (*citing, Munoz-Santana v. U.S. I.N.S.*, 742 F.2d 561, 562 (9th Cir. 1984)) ("Whether to grant a stay is within the discretion of the court"); *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) ("A district court has discretionary power to stay proceedings in its own court."). The exercise of this discretion is particularly appropriate where, as here, such action would promote judicial economy and efficiency. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").

For the foregoing reasons, the Parties stipulate and request that this Court modify the Stipulated Discovery Plan and Scheduling Order, Dkt. 44, as follows:

| PROPOSED DATE | DEADLINE |
| --- | --- |
| March 13, 2021 | Close of case-specific fact discovery. |
| May 28, 2021 | Parties shall produce case-specific expert reports. |
| June 28, 2021 | Parties shall produce any case-specific rebuttal expert reports. |
| September 27, 2021 | Deadline to depose Plaintiff's experts on their case-specific reports. |
| October 19, 2021 | Deadline to depose Defendants' experts on their case-specific reports. |
| December 7, 2021 | Deadline to file Daubert motions and other dispositive motions. |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

3

ACTIVE 59040642v1

**IT IS SO STIPULATED.**

Dated this 27th day of July 2021.

| MARTIN BAUGHMAN, PLLC | GREENBERG TRAURIG, LLP |
|---|---|
| By: /s/ Ben C. Martin | By: /s/ Eric W. Swanis |
| BEN C. MARTIN, ESQ.* | ERIC W. SWANIS, ESQ. |
| *Admitted Pro Hac Vice | swanise@gtlaw.com |
| bmartin@martinbaughman.com | GLENN F. MEIER, ESQ. |
| 3710 Rawlins Street, Suite 1230 | meierg@gtlaw.com |
| Dallas, Texas 75219 | Nevada Bar No. 006059 |
| Telephone: (214) 761-6614 | 10845 Griffith Peak Drive, Ste. 600 |
|  | Las Vegas, Nevada 89135 |
| PETER C. WETHERALL, ESQ. |  |
| Nevada Bar No. 004414 | CASEY SHPALL, ESQ.* |
| pwetherall@wetherallgroup.com | shpallc@gtlaw.com |
| WETHERALL GROUP, LTD. | GREGORY R. TAN, ESQ.* |
| 9345 W. Sunset Road, Suite 100 | tangr@gtlaw.com |
| Las Vegas, Nevada 89148 | *Admitted Pro Hac Vice |
| Telephone: (702) 838-8500 | GREENBERG TRAURIG, LLP |
|  | 1144 15th Street, Suite 3300 |
| *Counsel for Plaintiff* | Denver, Colorado 80202 |
|  | *Counsel for Defendants* |

**ORDER**

**IT IS SO ORDERED.**

Dated July 29, 2021.

_____

BRENDA WEKSLER
United States Magistrate Judge

4

ACTIVE 59040642v1